IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JERMAINE BELL | * | |
| PETITIONER, | * | CIVIL ACTION NO. RDB-11-1086 |
| V. | * | CRIM. NO. RDB-06-0179 |
| UNITED STATES OF AMERICA | * | |
| | * | |
| RESPONDENT. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Jermaine Bell ("Petitioner") has moved this Court to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 337). Petitioner challenges his sentence of 360 months, imposed by this Court on December 23, 2008, on the ground that he received ineffective assistance of counsel from his attorneys Daniel Frank Goldstein ("Goldstein") and Ray M. Shepard ("Shepard"). Specifically, Petitioner claims that his attorneys were ineffective by (1) failing to adequately investigate a defense that the murder of Angelo Stringfellow was unrelated to a drug conspiracy; and by (2) advising petitioner to plead guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death, when counsel knew or should reasonably have known about evidence that Stringfellow was killed in retaliation for the murder of Petitioner's friend, Damon Burrell. Petitioner also claims that his guilty plea was involuntary due to the Government's failure to disclose allegedly exculpating *Brady* material. The parties' submissions have been reviewed by the Court and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, the

1

Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 337) pursuant to 28 U.S.C. § 2255 is DENIED.

## BACKGROUND

For some period of time between 1996 and 2001, Petitioner led a drug distribution organization known as "R-N-G," which operated primarily out of Baltimore City. Bell Plea Agreement at 4, ECF No. 204. In 2001, Petitioner became embroiled in a territorial dispute with a rival organization led by Samuel Garrett. *Id.* As a result, Petitioner issued contracts for the murders of several individuals, including Angelo Stringfellow, who was shot and killed outside of a Baltimore City club on June 26, 2001. *Id.* A woman standing in close proximity to Stringfellow's vehicle at the time of the shooting was shot and non-fatally injured. Gov. Resp. at 3, ECF No. 355.

In February 2008, Jermaine Bell was indicted on a number of charges, including three counts of Possession of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death (Counts Three, Four, and Six). Indictment (4th Superseding, ECF No. 146). On August 27, 2008, the Petitioner entered a plea of guilty pursuant to Rule 11(c)(1)(C)[1] of the Federal Rules of Criminal Procedure. The plea agreement specifically provided for an agreed range of sentence of 312 months to 396 months. Bell was ultimately sentenced by this court to 360 months in prison for violating 28 U.S.C. § 924(j). Petitioner was additionally sentenced to three years of supervised release following incarceration.

---

[1] Rule 11(c)(1)(C), states that "if a defendant pleads guilty or nolo contendere to either a charged offense or a lesser, related offense . . . an attorney for the government will agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C).

After his conviction, Petitioner appealed his sentence before the United States Court of Appeals for the Fourth Circuit, which affirmed this Court's judgment on January 4, 2010 (ECF No. 295). Petitioner then filed a Petition for Writ of Certiorari to the United States Supreme Court, which was denied on May 3, 2010. *Bell v. U.S.*, 130 S.Ct. 2423 (2010).

On April 26, 2011, Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 337).

## STANDARD OF REVIEW

An ineffective assistance of counsel claim requires that a petitioner satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

The United States Court of Appeals for the Fourth Circuit has previously noted that "[t]he defendant bears the burden of proving the first prong under the *Strickland* test," and unless this burden is met, "a reviewing court does not need to consider the second prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992). The Fourth Circuit has also noted that the mere possibility of a different trial result does not satisfy the burden placed on the defendant. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1220

(4th Cir. 1986). Thus, ineffective assistance of counsel claims may be disposed of solely based on a deficiency in showing prejudice. *See Strickland*, 466 U.S. at 697.

To prove a *Brady* violation, a petitioner must show that the prosecution was aware of material evidence favorable to the defense, yet failed to disclose it. *Moore v. Illinois*, 408 U.S. 786, 794-95, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). Evidence is material if its disclosure would have the reasonable probability of altering the outcome of the proceeding. *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

## ANALYSIS

Petitioner asserts that he received ineffective assistance of counsel with respect to two matters. First, Petitioner claims that his attorneys were ineffective by failing to investigate a potential defense that the murder of Angelo Stringfellow was unrelated to the alleged drug conspiracy. Second, Petitioner alleges that his attorneys were ineffective in advising him to plead guilty to Count Four – Possession of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death – when they knew or reasonably should have known about evidence that Stringfellow was killed in retaliation for the murder of Damon Burrell.

Petitioner separately alleges that his guilty plea was involuntary due to a *Brady* violation on the part of the government.

### I. Petitioner's Claim Alleging Ineffective Assistance Based on Defense Counsel's Failure to Investigate the Retaliation Defense

Petitioner argues that defense counsel rendered ineffective assistance by failing to investigate a defense that the murder of Angelo Stringfellow was unrelated to a drug activity. Pet. Mot. at 9, ECF No. 337. Under *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'. . . There are countless ways to provide effective assistance in any given case." *Strickland*, 466 U.S. 690.

Under the analysis set out in *Strickland*, it is not difficult for this Court to determine in this case that Petitioner's attorneys' actions fell "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. After reaching a plea agreement with the Government, Petitioner was sentenced to 360 months in prison on a single charge, well below the three potential life sentences he faced previously. Counsel negotiated an agreement constituting a significant benefit to the Petitioner. As a result, it is difficult to see how counsel's representation was in any way objectively unreasonable. Further, Petitioner has not sufficiently made a case that he would have gone to trial had further investigation into the retaliation defense been made. Had a trial taken place, it seems likely that a drug connection could have been found even if the Stringfellow killing had been immediately retaliatory. As Petitioner *admits* in his Motion, the dispute began over drug territory, and continued to escalate from there. Pet. Mot. at 3, ECF No. 337.

For these reasons, Petitioner's argument that his attorneys failed to investigate the retaliation defense does not meet the first prong under *Strickland*. Petitioner has not demonstrated that the performance of his counsel in any way fell below an objective standard of reasonableness.

Arguendo, even if Petitioner met the first prong under Strickland, he has not met the second, or "prejudice" prong under *Strickland*, which requires Petitioner to demonstrate that defense counsels' errors deprived him of a fair trial. As the Government notes in its Response, a petitioner who alleges ineffective assistance of counsel after entering a guilty plea faces an even more demanding burden – he "must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Petitioner contends that, had his attorneys obtained a report detailing a police interview verifying Petitioner's argument that the Stringfellow murder was retaliatory in nature, that evidence would have created a reasonable probability that Petitioner would not have pled guilty. Pet. Mot. at 17, ECF No. 337. This argument is unpersuasive. Putting aside the probability that the killing likely *would* have been linked to drug activity during trial, there is nothing to indicate that Petitioner entered a guilty plea involuntarily; and although his attorneys may have recommended that Petitioner enter such a plea, they did so with good reason. As the Government points out, one of Petitioner's co-defendants, Sean Sterling, did proceed to trial. Despite similar allegations that the Stringfellow murder was retaliatory in nature, such allegations were not enough to overcome the overwhelming evidence linking the murder to drug activity. A jury convicted Sterling of two counts of Possession of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death. Gov. Resp. at 12, ECF No. 355.


Petitioner's claims regarding defense counsel's failure to investigate the retaliation defense are without merit and his motion on these grounds will be denied.

## II. Petitioner's Claim Alleging Ineffective Assistance Based on Counsel's Advice to Plead Guilty To Possession of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death.

Petitioner argues that defense counsel rendered ineffective assistance by advising him to plead guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Crime Resulting in Death. Applying the *Strickland* test, Petitioner fails to satisfy the first prong. Some courts have found that where a defendant receives significant benefit from a plea agreement, such benefits are indicative of a satisfactory degree of competence and rationality of the part of counsel. *See, e.g., Panuccio v. Kelly*, 927 F.2d 106, 109 (2d Cir. 1998)(finding that defendant's counsel was effective in eschewing an intoxication defense where there was a likelihood that it would not succeed in trial and may have resulted in additional punishment); *Mitchell v. Scully*, 746 F.2d 951, 957 (1984)(finding that counsel's advice to defendant to plead guilty while ignoring an alternate defense did not qualify as ineffective assistance of counsel where there was a strong likelihood that the alternate defense would fail in court and expose defendant to the risk of serious additional punishment). Indeed, Petitioner's plea of guilty pursuant to Rule 11(c)(1)(C) also resulted in the outright dismissal of two of the murder counts, significantly reducing the advisory sentencing guidelines as they pertained to his case. As the Government notes, Petitioner's maximum sentence guideline of 396 months was only three years above the minimum he could have received without the plea agreement. Gov. Resp. at 11, ECF No. 355. Given these circumstances, there is simply no way that counsel's advice in this matter could be viewed as objectively unreasonable.

Failure to satisfy the first prong of the *Strickland* test is enough to end the inquiry, but Petitioner fails to satisfy the second prong as well. Given Petitioner's C-plea and the results of the trial of his co-defendant Sean Sterling, there is no rational interpretation that would result in a prejudice finding under *Strickland*. Petitioner derived significant benefit from the plea agreement negotiated by counsel, and was not deprived of a fair trial when advised to accept it.

### III. Petitioner's Claim Alleging Involuntary Guilty Plea Due to the Government's Failure to Disclose *Brady* Material

Under *Brady v. Maryland*, 373 U.S. 83 (1963), prosecutors in a criminal case must turn over exculpatory evidence to the defense upon request. Petitioner contends that the government suppressed evidence that supported the alternate, retaliatory motive behind the Stringfellow murder. Pet. Mot. at 18, ECF No. 337. Petitioner refers specifically to a 2001 Baltimore City Police report that he claims bolsters the retaliation theory upon which he relies. *Id.*

The Government posits two arguments in response: first, that the report was merely cumulative of other evidence; and, second, that because Petitioner voluntarily pled guilty to the other charge with full knowledge of this duplicative evidence, it cannot be said that his plea was involuntary. Gov. Resp. at 14, ECF No. 355.

Initially, the content of the 2001 police report is definitely duplicative of other information already produced in discovery. Notably, the 2002 interview transcript with Petitioner's competitor in the drug business, Mr. Samuel Garrett (with whom the conflict resulting in the Stringfellow murder occurred), clearly addresses and provides support for Petitioner's retaliation theory. *See* Pet. Mot. at 12, ECF No. 337-3. Petitioner

had access to this information, and yet still knowingly pled guilty to the charge for which he was convicted with an agreed range of sentence under Rule 11(c)(1)(C). Therefore, in no way was the duplicative nature of the police report material.

Furthermore, the Fourth Circuit has noted that when a defendant pleads guilty, *Brady* concerns are all but eliminated. *United States v. Moussaoui*, 591 F.3d 263, 285 (4th Cir. 2010); *see also Menna v. New York*, 423 U.S. 61, 62 N.2 (1975)(noting that a defendant's admission of guilt by way of a guilty plea is "so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case")(emphasis in original). While Petitioner correctly notes that there may be some circumstances in which a guilty plea might be invalidated by the withholding of exculpatory evidence, this is not one of those situations. Petitioner had access to information supporting his alternate motive theory prior to entering his plea, and yet still admitted his guilt. As the Fourth Circuit in *Moussaoui* noted, "a guilty plea is constitutionally valid if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Moussaoui* at 280 (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). Petitioner's motion is denied on *Brady* violation grounds.

## CONCLUSION

For the reasons stated herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243 (c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling

dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioners' claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 11, 2012

/s/ *[signature]*
Richard D. Bennett
United States District Judge